JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Ernestine Wiggs

**DEFENDANTS**

City of Philadelphia d/b/a Philadelphia Police Department, Marlo Holmon, Matthew Gillespie, Megan Bolognone, Anthony Massaro, Corporal Zacharcenko

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Schatkopf Law, 11 Bala Ave Bala Cynwyd PA 19004; 610-664-5200
Weisberg Law, 7 S. Morton Ave, Morton PA 19070; 610-690-0801
Mildenberg Law, 1735 Market St,Phila PA 19103; 215-545-4870

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Protection Act |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | Exchange |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1981 and 1983, Whistle Blower Law, ADA

Brief description of cause:
Plaintiff has been subjected to discrimination, harassment and a hostile work environment because of his race

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
10/28/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| Ernestine Wiggs | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| City of Phiadelphia d/b/a Philadelphia Police Department, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       (X)

| 10-28-19 | Gary Schafkopf, Esq | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-664-5200 | 888-283-1334 | gary@schaflaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 520 W. 66th Avenue Philadelphia PA 19126 _____

Address of Defendant: _____ 1515 Arch Street 16th Floor Philadelphia PA 19102 _____

Place of Accident, Incident or Transaction: _____ Philadelphia Police Department _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?　Yes ☐　No ☑

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?　Yes ☐　No ☑

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?　Yes ☐　No ☑

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?　Yes ☐　No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/28/2019 _____　_____ *Must sign here*　83362 _____
　　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　*Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**　*Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
　　　*(Please specify):* _____

**B.**　*Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
　　　*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Gary Schafkopf, Esq _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐　Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑　Relief other than monetary damages is sought.

DATE: 10/28/2019 _____　_____ *Sign here if applicable*　83362 _____
　　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

MILDENBERG LAW FIRM
Brian R. Mildenberg, Attorney ID No. 84861
1735 Market Street, Ste. 3750
Philadelphia, PA 19103
brian@mildenberglaw.com
215-545-4870
Fax: 215-545-4871
**Attorney for Plaintiff**
*Additional Counsel Listed on signature page*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------- X

ERNESTINE WIGGS                         :
520 W. 66th Avenue                      :
Philadelphia, PA 19126                  :     Civil Action No.:
                                        :
                                        :
              Plaintiff                 :
        v.                              :
                                        :
                                        :
CITY OF PHILADELPHIA                    :
d/b/a PHILADELPHIA POLICE               :     **<u>Jury Trial of Twelve (12) Jurors Demanded</u>**
DEPARTMENT                              :
1515 Arch St, 16th FL                   :
Philadelphia, PA 19102                  :
                                        :
and                                     :
                                        :
CORPORAL MARLO HOLMON                   :
Individually, & in her official capacity as :
a Corporal for the                      :
PHILADELPHIA POLICE                     :
DEPARTMENT                              :
1515 Arch St, 16th FL                   :
Philadelphia, PA 19102                  :
                                        :
and                                     :
                                        :
LIEUTENANT MATTHEW                      :
GILLESPIE                               :
Individually, & in his official capacity as :
a Lieutenant for the                    :
                                        :

PHILADELPHIA POLICE       :
DEPARTMENT       :
1515 Arch St, 16th FL       :
Philadelphia, PA 19102       :
      :
and       :
      :
CORPORAL MEGAN BOLOGNONE       :
Individually, & in her official capacity as       :
a Corporal for the       :
PHILADELPHIA POLICE       :
DEPARTMENT       :
1515 Arch St, 16th FL       :
Philadelphia, PA 19102       :
      :
and       :
      :
SERGEANT ANTHONY MASSARO       :
Individually, & in his official capacity as       :
a Sergeant for the       :
PHILADELPHIA POLICE       :
DEPARTMENT       :
1515 Arch St, 16th FL       :
Philadelphia, PA 19102       :
      :
and       :
      :
CORPORAL ZACHARCENKO       :
Individually, & in his official capacity as       :
a Corporal for the       :
PHILADELPHIA POLICE       :
DEPARTMENT       :
1515 Arch St, 16th FL       :
Philadelphia, PA 19102       :
           Defendants       :
--------------------------------------------------X

## CIVIL ACTION COMPLAINT

## PARTIES

1.   Plaintiff, Ernestine Wiggs, is an adult individual, residing at 520 W 66th Ave, Philadelphia, PA 19126. At all times material hereto, Plaintiff was employed by Defendant, the Philadelphia Police Department, as a Correctional Officer. Plaintiff has worked at the PPD since April 11, 1994. Plaintiff has over 24 years of experience and is an exceptional correctional officer with commendations from her previous commanding officers over the years. Plaintiff suffers from rheumatoid arthritis and asthma, a condition that causes inflammation in her joints, which makes it painful and difficult for Plaintiff to move about.

2.   Defendant, the Philadelphia Police Department, is a government agency that conducts business in the Commonwealth of Pennsylvania and is headquartered at 750 Race Street Philadelphia, PA 19106. The PPD is the nation's fourth largest police department, with over 6300 sworn members and 800 civilian personnel. It is the primary law enforcement agency responsible for serving Philadelphia County, extending over 140 square-miles in which approximately 1.5 million reside.

3.   Defendant, Corporal Marlo Holmon, at all times material herein, acted individually, as well as in her individual capacity as an agent, servant, workman, or employee of the Philadelphia Police Department acting under the color of State law.

4.   Defendant, Lieutenant Matthew Gillespie, at all times material herein, acted individually, as well as in his individual capacity as an agent, servant, workman, or employee of the Philadelphia Police Department acting under the color of State law.

5.   Defendant, Lieutenant Megan Bolognone, at all times material herein, acted individually, as well as in her individual capacity as an agent, servant, workman, or employee of the Philadelphia Police Department acting under the color of State law.

6.   Defendant, Sergeant Anthony Massaro, at all times material herein, acted individually, as well as in his individual capacity as an agent, servant, workman, or employee of the Philadelphia Police Department acting under the color of State law.

7.   Defendant, Corporal Zacharcenko, at all times material herein, acted individually, as well as in his individual capacity as an agent, servant, workman, or employee of the Philadelphia Police Department acting under the color of State law.

## JURISDICTION AND VENUE

8.   The above paragraphs are incorporated herein by reference.

9.   Jurisdiction in this Honorable Court is based on federal question 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

10. Venue is proper in the Eastern District of Pennsylvania, as the facts and transactions involved in the discrimination complained of herein occurred in large part in this judicial district.

11. Plaintiff has exhausted her administrative remedies and obtained a Right to Sue Letter from the EEOC. (Exh. A).

## STATEMENT OF FACTS

12. The above paragraphs are incorporated herein by reference.

13. The PPD, in a number of unlawful, intimidating and discriminatory acts, created a discriminatory and hostile work environment for Plaintiff.

14. Plaintiff has worked as a Correctional Officer for the Philadelphia Police Department for 25 years. Her performance has always been exemplary, showing extraordinary courage and bravery in the line of her work.

15. Plaintiff started experiencing harassment from her superiors in January of 2016.

16. On or around April 2016, Plaintiff was on her post doing her job when Corporal Holmon (Badge #8037) approached her to tell her that she was re-assigning her to the female block. Plaintiff was not notified beforehand and felt that this was a form of harassment by her superior to make it difficult for her to do her job efficiently.

17. On or around May of 2016, Plaintiff went to talk to Corporal Holmon about how she feels that she has been treated unfairly by her. Holmon stated to Plaintiff that she had gone home to speak with her husband and realized she had been unfair to Plaintiff in her treatment and orders to her at work.

18. Corporal Holmon told Plaintiff that she only made Plaintiff take on more responsibilities because she felt that Plaintiff could do the work more thoroughly, but that was done without concern and thorough consideration of Plaintiff's workload and stress.

19. Despite the talk, Plaintiff continued to suffer disparaging treatment at work from her superiors.

20. On or around May of 2016, the facility where Plaintiff worked had flooded with what appeared to be brown water. Plaintiff noticed that the odor was very strong, smelling of mildew and sewage. Even Plaintiff's coworkers who worked in another area of the department could smell the odor. Plaintiff's corporal was aware of the strong odor from the flood and reported it to the lieutenant.

21. The prolonged period of smelling the mildew and sewage odor was too much for Plaintiff, and she experienced nausea as well as lightheadedness. She had to leave the office multiple times in order to get fresh air and felt sick throughout the time that she was working.

22. Upon information and belief, Corporal Holmon saw that Plaintiff was not feeling well and condescendingly told her that she only had two options, which was to continue working or go to the "comp clinic" for police correctional officers.

23. Plaintiff's lieutenant then yelled at her and commanded Plaintiff to use her sick time and to go to the emergency room at Jefferson Hospital. Plaintiff assumed that since the lieutenant was new to the department, he didn't know that the usual practice is for officers to go to the comp clinic at Hahnemann. She told him so, but he refused her request to go to the comp clinic and instead forced her to go to the emergency room. He even had her supervisor drive her to Hahnemann.

24. Plaintiff felt that the chain of events was in violation of her HIPAA rights and the usual protocol that her department follows, so she called her safety office to report the situation.

25. When Plaintiff arrived at the hospital, even the nurses there told her that she was supposed to be at the comp clinic and not at the emergency room.

26. On December 14, 2016, Plaintiff was assigned to the Female Block with Officer Graves. She was approached by Corporal Holmon, who told her to take a walk with her. Plaintiff was on suicide watch and could not abandon her post. Holmon told her that she had two buses in the bay, one with 32 males and the other with 15 females. She specifically wanted Plaintiff to do a search for the female bus.

27. There were other female officers that the corporal could have asked to complete the search which would not have hindered their post or job, but she chose to ask Plaintiff to give up her post, despite being on suicide watch, thus forcing Plaintiff to abandon her post on suicide watch, and putting the prisoner's safety in jeopardy.

28. Plaintiff was shocked to see that Corporal Holmon was smirking. She then put Plaintiff's post in abandoned status.

29. Plaintiff was also often skipped over for overtime. Usually, senior members are given preference for overtime, as well as choice of post. However, Plaintiff has seen officers with less seniority than her being offered overtime and choice of post.

30. On or around December of 2016, Plaintiff found herself in a situation with a hostile prisoner. At around 4:45 or 5 p.m., the prisoner was escorted back to B-Block after court. However, the prisoner refused to go into his cell. The prisoner then grabbed ahold of her partner and started to punch him on his head and body. He then started to choke him. Plaintiff acted quickly when she saw what was happening and tried to get the prisoner off her partner. Plaintiff had handcuffs already in her hands to restrain the prisoner once he was under control. In their scuffle, Plaintiff used force to stop the prisoner.

31. Holmon badgered Plaintiff about filling out a Use of Force form for what had happened and for using physical force on the prisoner, even though Plaintiff already knew the procedure.

32. Plaintiff filled out the Use of Force form with all the details that she remembered, including what she had to do to save her partner, what she saw, and the officers who were at the scene. However, before she could finish filling out her personal information on the form, Corporal Holmon told her to head to Central Detective for the interview, the usual procedure when there is an altercation with a prisoner.

33. About a day or two after Plaintiff handed in the Use of Force to Corporal Holmon to review, she approached Plaintiff with documents for her to sign. Plaintiff refused to

sign without knowing what the papers were for, as the corporal was seemingly hiding the summary of the papers while pointing directly to the signature line. Plaintiff realized it was her Use of Force form after reading the document, but was no longer the same as the one she handed in. Holmon told Plaintiff to just sign the form to affirm that this was her account of the incident, even though it was different from what she had written. The Use of Force form no longer included Corporal Holmon as being on the scene as well as another officer.

34. Plaintiff refused to sign the form since it was not the same account that she had submitted of the incident, and Corporal Holmon angrily told Plaintiff that she didn't need Plaintiff to sign it. She also directed another officer to sign his Use of Force form, without having him read it, and he also refused to do so. Plaintiff and the other officer were shocked that she would do something like that, as it would have constituted fraud and/or misrepresentation.

35. On January 10, 2017, Plaintiff had a meeting with Lieutenant Gillespie and Corporal Holman to discuss Corporal Holman mistreating Plaintiff.

36. On February 17, 2017, Plaintiff went to internal affairs about the aforesaid use of force incident. However, internal affairs refused to take any action.

37. When Plaintiff had the interview with a Sergeant Pinkerton about the incident, she was told by him that her commanding officer told him to question her about why she didn't sign the Use of Force form. Plaintiff was shocked her commanding officer was allowed to interfere with the questioning of the interview.

38. After explaining the situation to the sergeant, he stated to Plaintiff that he even agreed with Plaintiff that he would not have signed the documents since the original content had been changed. However, nothing changed after the meeting.

39. On or about November 15, 2017, Plaintiff was served two sets of 18s, the violation code, for failing to properly fill out the Use of Force form and for violating the Handcuff Directive. They first attempted to serve her the documents without the presence of a union representative – but Plaintiff demanded a union representative be present. They also denied her copies of the violation documents, even though it is protocol to request and receive them.

40. On May 18, 2018, Plaintiff was brought up to the Board of Inquiry to defend her case. While the Use of Force violation was thrown out, Plaintiff was reprimanded for the violation of a handcuff directive, which was never issued in the first place – upon information and belief, a handcuff directive was falsified after the incident by Plaintiff's supervisors. No documentation of the directive has ever been produced.

41. During the Inquiry, Lieutenant Gillespie lied to say that Plaintiff did not get along with anyone in the department, which was false, as Plaintiff had been working in the police department for 23 years and had previously gotten many positive evaluations from her commanding officers, including Lieutenant Gillespie.

42. Upon information and belief, Corporal Holman also told the Board that she is able to change the information on the Use of Force form as she sees fit, which is untrue. The Use of Force form filled out by Plaintiff should only include the information that she saw and did, and as she is the person to sign the form, should not have been changed by the corporal.

43. About a few months after the hearing, Plaintiff received her evaluation back from her superiors and was surprised to find that they had given her a negative evaluation. She believes it was retaliation for having been relieved of wrongdoing during the hearing and because she had previously filed complaints against her superiors. They had marked on the evaluation that Plaintiff does not get along with her colleagues, which was not true.

44. On March 11, 2019, Plaintiff approached Corporal Zacharcenko (Badge #8387) for FMLA (Family Medical Leave Act) leave from work from March 19th to the 20th, so that she could have a procedure done pertaining to her rheumatoid arthritis condition on March 19th to the 20th and have enough time to recover. Corporal Zacharcenko approved it.

45. However, on March 18th, Plaintiff suffered an asthma attack and contracted a virus. She was so sick she hardly left the bed. She had to reschedule her procedure but continued to use the time she already took off to recover from her illness.

46. On or around the 19th of March, Sergeant St. Onge (Badge #401) and Lieutenant Bolognone (Badge #290) called Plaintiff's phone. However, Plaintiff was too sick to take any calls. When they could not reach her, they proceeded to call her son and her sister, as well as other family members.

47. Officers were sent to Plaintiff's house for a wellness check as they claimed that she did not show up for work and had not answered her phone, despite her having given them notice of her absence and having it approved.

48. When Plaintiff returned to work on March 26th, 2019, she was lectured for not returning the call by Lt. Bolognone and was told that an investigation would be made about her absence, and that Plaintiff had been "AWOL'd." Plaintiff was confused and

shocked by what he was saying as she had obtained approval for her FMLA leave from Corporal Zacharcenko. When she refuted her claims and explained the situation to Lt. Bolognone, she told her that they would rescind the investigation and AWOL days. Plaintiff requested a memo to prove that the investigation was rescinded but never received that memo.

49. Upon information and belief, they still retained notes on Plaintiff's file that she had been counseled on the incident, indicating that Plaintiff had committed wrongdoing in the incident. Plaintiff was displeased to hear this, as she had followed procedures and properly requested FMLA leave before obtaining approval from Corporal Zacharcenko.

50. On August 15, 2019, Plaintiff was assigned to the female cell block. Defendant, Corporal Holman made physical contact with Plaintiff on her way towards the cell block. Corporal Holman then stated with sarcasm, "Oh, I thought I hit the chair." Plaintiff responded, "You know the difference from hitting a chair as opposed to a person." Corporal Holman then stated again with sarcasm, "Well, are you hurt? Did I hurt you?" With a smirk on her face Corporal Holman touched Plaintiff's arm and said, "Well if I hurt you I apologize."  The rest of the shift Corporal Holman continued to come back to the cell block area snickering. Upon information and belief there are cameras all throughout the unit, which captured the incident.

51. The actions of Defendants have caused Plaintiff to suffer fear, distress, upset and financial loss.

52. Plaintiff has filed a charge of discrimination with the EEOC.

## STATEMENT OF CLAIMS

## COUNT I – CIVIL RIGHTS VIOLATION
## 42 U.S.C. § 1983

## <u>RETALIATION FOR OPPOSITION TO ILLEGAL POLICIES</u>

53. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

54. Defendants took the aforementioned adverse actions against Plaintiff in retaliation to her participation in the protected activity of refusing to falsify use of force forms.

55. As a result of Defendants' actions as aforesaid, Defendants have denied Plaintiff the right to the same terms, conditions, privileges and benefits of her employment agreement with the City of Philadelphia Police Department, in violation of 42 U.S.C. § 1981.

56. Such violation of 42 U.S.C. § 1981 is actionable against the City of Philadelphia, a municipal entity, pursuant to 42 U.S.C. § 1983.

57. Said retaliation against Plaintiff has affected Plaintiff to her detriment.

58. Said retaliation would detrimentally affect a reasonable person under similar circumstances.

59. Said retaliation exacerbated the already hostile work environment to the point of a crisis.

60. Said violations were done intentionally and/or knowingly with malice or reckless indifference and warrant the imposition of punitive damages.

61. As a direct and proximate result of Defendants' violation of 42 U.S.C. § 1983 Plaintiff has suffered the damages and losses set forth herein and have incurred attorneys' fees and costs.

62. Plaintiff is suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory acts unless and until this Court grants the relief requested herein.

63. The wrongful acts and conduct of Defendants were done with deliberate indifference to the statutory and constitutional rights of Plaintiff.

64. As such, Plaintiff has and continue to suffer damages as set forth herein.

## COUNT II – WHISTLEBLOWER LAW
## 43 P.S. LABOR § 1421, ET SEQ
## RETALIATION FOR OPPOSITION TO WRONGDOING

65. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

66. Plaintiff took actions to oppose falsifying use of force forms, which meets the definition of "wrongdoing" as defined in 43 P.S. Labor § 1422.

67. Defendants took the aforementioned adverse actions against Plaintiff in retaliation for her participation in the protected activity of refusing to falsify use of force forms. Said retaliation has affected Plaintiff to her detriment.

68. Said retaliation would detrimentally affect a reasonable person under similar circumstances.

69. Said violations were done intentionally and/or knowingly with malice or reckless indifference and warrant the imposition of punitive damages.

70. As a direct and proximate result of Defendants' violation of 43 P.S. Labor § 1421, et seq., Plaintiff has suffered the damages and losses set forth herein and have incurred attorneys' fees and costs, to which Plaintiff is entitled to compensation.

71. Plaintiff is suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory acts unless and until this Court grants the relief requested herein.

72. The wrongful acts and conduct of Defendants were done with deliberate indifference to the statutory and constitutional rights of Plaintiff.

73. As such, Plaintiff has and continue to suffer damages as set forth herein.

## COUNT III
### 42 U.S.C. §1983
### FIRST AMENDMENT VIOLATION & *Monell*: Rights of Speech to Petition

74. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

75. Plaintiff engaged in a protected activity; the government responded with retaliation; and the protected activity was the cause of the retaliation.

76. Plaintiff was retaliated against for refusing to falsify use of force forms and acting as a whistleblower, and/or accuser of other police officers.

77. Defendants caused Plaintiff to suffer retaliation by their wrongful conduct all in violation of the First Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq.

78. Prior to the events described herein, Defendants developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons within the geographic and jurisdictional limits of City of Philadelphia, which caused violations of Plaintiff's constitutional and other rights.

79. Specifically, Defendants retaliate against police officers who refuse to falsify use of force forms, and act as whistleblowers.

80. The above described acts or omissions by Defendants demonstrated a deliberate indifference to the rights of citizens, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

81. Plaintiff suffered harm due to Defendants' conduct.

## COUNT IV
## ADA VIOLATIONS

82. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

83. In addition to and/or in the alternative, the foregoing adverse employment actions taken against Plaintiff constituted retaliation for Plaintiff's lawful requests and exercise of rights under the ADA.

84. The foregoing actions of Defendants created a hostile work environment that was severe and pervasive and that altered the terms and conditions of Plaintiff's employment.

85. Further, the PPD failed to accommodate Plaintiff's disability or perceived disability and failed to engage in a constructive, interactive process concerning same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, together with interest, costs, punitive damages, attorney's fees and such other and further relief as this Honorable Court deems just, including equitable injunctive relief.

## JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues so triable herein.

[remainder of page left intentionally blank]

Respectfully Submitted,

BY: */s/ Matthew Weisberg*
MATTHEW B. WEISBERG, ESQ
Attorney ID No. 85570
DAVID A. BERLIN, ESQ.
WEISBERG LAW
Attorney ID No. 314400
7 South Morton Ave. 19070
Morton, PA
610-690-0801
Fax: 610-690-0880
**Attorneys for Plaintiff**

DATED:   10-28-19

BY: */s/ Brian R Mildenberg*
BRIAN R. MILDENBERG, ESQ
MILDENBERG LAW FIRM
Attorney ID No. 84861
1735 Market Street, Ste. 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871

DATED: 10-28-19

BY:   GARY SCHAFKOPF, ESQ
SCHAFKOPF LAW, LLC
Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104

Fax: 888-238-1334
**Attorney for Plaintiff**

DATED: 10-28-19

# EXHIBIT A



EEOC Form 161-B (11/09)                    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:  Ernestine Y. Wiggs                           From:  Philadelphia District Office
     820 56TH Ave                                        801 Market Street
     Philadelphia, PA 19126                               Suite 1300
                                                          Philadelphia, PA 19107

☐       On behalf of person(s) aggrieved whose identity is
        CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2019-08198 | Legal Unit, Legal Technician | (215) 440-2828 |

**NOTICE TO THE PERSON AGGRIEVED:**                          (See also the additional information enclosed with this form.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____                    8/10/2019
Jamie R. Williamson,                          (Date Mailed)
District Director

Enclosure(s)

cc:  Linda Busillo                            Lisa Cirba, Esq.
     PHILADELPHIA LAW DEPARTMENT              MILDENBERG LAW FIRM
     1515 Arch Street                         1735 Market Street, Ste. 3750
     16th Floor                               Philadelphia, PA 19103
     Philadelphia, PA 19102